IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER GONZALES, JR.,                          Case No. 3:12-cv-01068-AA

       Plaintiff,                              OPINION AND ORDER

   vs.

CAROLYN COLVIN,
Commissioner of Social
Security,

      Defendant.

_____

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, Oregon 97293
   Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104
    Attorneys for defendant

PAGE 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Peter Gonzales Jr. (plaintiff) seeks judicial review of a final decision of the Commissioner (defendant) denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On January 13, 2009, plaintiff protectively filed an application for SSI, alleging disability beginning on that same day. Tr. 17, 61-62. The claim was denied initially on January 27, 2009, and upon reconsideration on May 28, 2009. Tr. 17, 74-76. Plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 17, 77. The hearing was held before the Honorable Steve Lynch on July 19, 2010. Tr. 17, 30. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 31. On October 7, 2010, ALJ Lynch issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 14-28. Plaintiff sought review of the ALJ's decision with the Appeals Council, which was subsequently denied, thus rendering the ALJ's decision final. Tr. 1-6. Plaintiff now seeks judicial review.

## FACTUAL BACKGROUND

Born March 3, 1960, plaintiff was 48 years old on the alleged onset date of the disability and 50 years old at the time of the ALJ's decision. Tr. 23, 35. Plaintiff has a tenth grade education. Tr. 37. He previously worked in customer service and as a laborer. Tr. 44-46. Plaintiff alleges disability due to degenerative disc disease of the lumbar and thoracic spine, left lateral

PAGE 2 - OPINION AND ORDER

epicondylitis, and degenerative joint disease of the right shoulder. Tr. 19. Plaintiff reports back pain, left knee pain, left elbow pain, left hand pain, and right shoulder pain as a result of arthritis and various injuries. Id. Plaintiff also alleges a history of memory problems following a coma at age 16. Id.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the Commissioner determines whether a claimant is engaged in

"substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c).  If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work."  20 C.F.R. § 416.920(e).  If the claimant can work, he is not disabled.  If he cannot perform past relevant work, the burden shifts to the Commissioner.

At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy.  <u>Yuckert</u>, 482 U.S. at 141-42; 20 C.F.R. § 416.920(e) & (f).  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.966.

## THE ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and thoracic spine, left lateral epicondylitis, and degenerative joint disease

PAGE 4 - OPINION AND ORDER

of the right shoulder. Id. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the requirements of any listed impairment. Tr. 20. The ALJ determined that plaintiff has the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except he can frequently push and pull with the left upper extremity; he should only occasionally engage in overhead reaching with the right upper extremity; and he should not engage in climbing ladders, rope, or scaffolds.

Id. With this assessment, the ALJ proceeded to step four and found that plaintiff was unable to perform his past relevant work. Tr. 23.

At step five, the ALJ found that plaintiff was not disabled because he could perform other work existing in significant numbers in the national economy. Tr. 23-24. Specifically, the ALJ found that, based on the VE's testimony, plaintiff could perform the representative occupations of small product assembler and injection molding machine operator. Id. Therefore, the ALJ determined that plaintiff was not disabled. Tr. 24.

### DISCUSSION

Plaintiff argues that the ALJ erred at step five by failing to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT)/Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Pl.'s Opening Br. at 6-10. Specifically, plaintiff claims that, according to the DOT, the jobs identified by the VE are incompatible with plaintiff's RFC, which limits him to occasional overhead reaching.

At step five of the sequential evaluation for disability, the Commissioner bears the burden of proving that the SSI claimant can

PAGE 5 - OPINION AND ORDER

perform other work in the national economy, given the claimant's RFC, age, education, and work experience. <u>Yuckert</u>, 482 U.S. at 142; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e),(f), & (g). In accordance with Social Security Ruling 00-4p, the ALJ relies primarily on the <u>DOT</u> and its companion publication, the <u>SCO</u>, for information about the requirements of work in the national economy when determining whether claimant can perform other work. <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219, 1233 (9th Cir. 2009). However, the <u>DOT</u> and <u>SCO</u> are not the sole sources of information concerning jobs. <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995). Testimony from a vocational expert about locally available jobs is also appropriate, even if the job traits vary from the <u>DOT</u> classification. <u>Id.</u> But an ALJ may not rely on VE testimony about requirements of a particular occupation without first inquiring whether the testimony conflicts with the <u>DOT</u>. <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

It is undisputed that the ALJ relied upon the VE's testimony about the performance requirements of the representative occupations and failed to inquire whether the testimony conflicted with the <u>DOT</u>. Pl.'s Opening Br. at 7; Def.'s Resp. Br. at 7. Nevertheless, such an error is harmless if it does not affect the result of the case. <u>See Parra v. Astrue</u>, 481 F.3d 742, 747 (9th Cir. 2007).

Here, the ALJ specifically asked the VE what jobs are available to someone, like plaintiff, capable of "only occasional overhead reaching with the right upper extremity." Tr. 47. In response, the VE testified that plaintiff would be capable of working as an injection molding machine operator or as a small

PAGE 6 - OPINION AND ORDER

products assembler. Id.[1]

Contrary to plaintiff's assertion, the Court finds that the
VE's testimony about small products assemblers comports with the
DOT narrative descriptions. Many DOT descriptions specifically
indicate when overhead work is involved. See, e.g., Flour-Blender
Helper, DOT § 520.686-022, available at 1991 WL 674044; Gambreler
Helper, DOT § 525.687-034, available at 1991 WL 674446; Rigger, DOT
§ 921.260-010, available at 1991 WL 688020. These listings make
clear that when an occupation requires overhead work, the DOT
narrative description will explicitly mention that requirement. In
contrast, DOT descriptions for the position of small products
assembly do not mention overhead work. See Assembler, Small
Products I, DOT § 706.684-022, available at 1991 WL 679050;
Assembler, Small Products II, DOT § 739.687-030, available at 1991
WL 683454. The Court therefore finds no conflict between the DOT
narrative descriptions and the VE's testimony.

_____

[1] The VE's testimony about injection molding machine
operators conflicted with the DOT. Plaintiff's RFC limits him to
light work and the VE testified that an injection molding machine
operator occupation entails light work. Tr. 20, 47. According to
the DOT, however, an injection molding machine operator
occupation entails medium work. Injection Molding Machine
Operator, DOT § 556.382-014 (4th ed. 1991), available at 1991 WL
683454. Under the DOT description, and contrary to the VE's
testimony, plaintiff could not work as an injection molding
machine operator, given his RFC. The ALJ failed to investigate
this conflict and the plaintiff did not raise this issue in his
brief. See generally Pl.'s Opening Br.; see also Carmickle v.
Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)
(the court "ordinarily will not consider matters on appeal that
are not specifically and distinctly argued" in the claimant's
briefs) (citation and internal quotations omitted); Bray v.
Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 n.7 (9th Cir.
2009) (arguments not raised in the claimant's opening brief are
"deem[ed] waived"). Regardless, this conflict did not alter the
outcome of the case because, as discussed below, the ALJ relied
upon additional VE testimony that does not conflict with the DOT.

Additionally, to the extent that the position of small products assembler does require reaching, the DOT does not distinguish reaching overhead from reaching other directions, or between reaching with the left arm from reaching with the right arm. See Assembler, Small Products I, DOT § 706.684-022, available at 1991 WL 679050; Assembler, Small Products II, DOT § 739.687-030, available at 1991 WL 683454.   Rather, reaching is only defined generally as "extending arms and hands in any direction." SCO, app. C (1993); see also SR 85-15, available at 1985 WL 56857,*7. While some courts have held that a limitation on overhead reaching with one arm conflicts with a DOT job description requiring reaching generally, this District has held that no such conflict exists. Compare Lee v. Astrue, 2013 WL 1296071, *11 (D. Or. Mar. 28, 2013), with Marquez v. Astrue, 2012 WL 3011778, *2-3 (D.Ariz. May 2, 2012), and Meyer v. Astrue, 2010 WL 3943519, *8 (E.D.Cal. Oct. 1, 2010); see also Carey v. Apfel, 230 F.3d 131, 145-46 (5th Cir. 2000) (finding no conflict where VE specifically stated that the representative occupations could be performed with one arm); Palomares v. Astrue, 887 F.Supp.2d 906, 920 (N.D.Cal. 2012) (concluding that an occasional, one-armed, overhead reaching limitation was consistent with the DOT requirement for constant reaching).   Without attempting to resolve this division or state a general rule, the Court finds the reasoning in Lee to be persuasive and therefore finds that the VE's testimony and plaintiff's RFC do not conflict with the DOT's general requirements relating to reaching in the case at bar.   In fact, to find a conflict, the Court would have to read a requirement into the DOT that is not expressly stated therein, which I decline to do.

Because there is no apparent conflict between the VE's testimony about small product assembler[2] and the DOT, the ALJ's failure to inquire of the VE whether his testimony was consistent with the DOT was harmless error. See Parra, 481 F.3d 742 at 747; Lee, 2013 WL 1296071 at *11. Therefore, substantial evidence supports the ALJ's finding at step five that plaintiff is not disabled. Tr. 24, 47.

### CONCLUSION

The ALJ's decision is supported by substantial evidence in the record and is based on the proper legal standards. Accordingly, the decision of the Commissioner is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this _19_ day of June, 2013.

_____
Ann Aiken
United States District Judge

---

[2] While plaintiff does not raise this issue in his briefs, the Court notes that the representational occupation of small products assembler, wherein "at least 5,000 such jobs exis[t] in the State of Oregon," is sufficient to meet the ALJ's step five burden. Tr. 24; 20 C.F.R. §§ 416.960(c), 416.966; SSR 83-14, available at 1983 WL 31254 (where the ALJ relies on the testimony of a VE in making his step five finding, the issue is whether a significant number of jobs, as opposed to discrete occupations, have been identified); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (between 1,000 and 1,500 jobs in the regional economy constitutes a significant number for purposes of the SSA) (citation omitted).

PAGE 9 - OPINION AND ORDER